IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADRIAN BURKE,**

        **Petitioner,**

v.

**CLIFFORD SMITH, Warden,**

        **Respondent.**

**CASE NO. 2:07-cv-665**
**JUDGE MARBLEY**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On September 5, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner objects to all of the Magistrate Judge's conclusions and recommendations. He again raises all of the arguments he previously presented. Petitioner again argues at length that he was denied due process when the parole board refused to grant him early release upon successful participation in the Intensive Prison Program. Referring to usage of the word "shall"[1] in the statute, petitioner again contends that he had a protected liberty interest in

---

[1] Petitioner refers to the following language in O.R.C. 5120.032(B)(1)(b):

(b) The department may reduce the stated prison term of a prisoner upon the prisoner's successful completion of a ninety-day period in an intensive program prison. A prisoner whose term has been so reduced *shall* be required to serve an intermediate, transitional type of detention followed by a release under post-release control sanctions or, in the alternative, *shall* be placed under post-release control sanctions, as described in division (B)(2)(b)(ii) of section 5120.031 of the Revised Code. In either case, the

early release and that the parole board was without authority to rescind.

Petitioner's arguments are not persuasive. Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. Upon careful consideration of the entire record, for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* this Court likewise concludes that petitioner's claims are without merit. His objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

---

placement under post-release control sanctions *shall* be under terms set by the parole board in accordance with section 2967.28 of the Revised Code and *shall* be subject to the provisions of that section and section 2929.141 of the Revised Code with respect to a violation of any post-release control sanction.

*Id.* (Emphasis added).