# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ADRIAN BURKE,**  CASE NO. 2:07-cv-665
  JUDGE MARBLEY
  **Petitioner,** MAGISTRATE JUDGE KEMP

  v.

**CLIFFORD SMITH, Warden,**

  **Respondent.**

## OPINION AND ORDER

On September 26, 2008, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's notice of appeal, his request for a certificate of appealability, and his request to proceed *in forma pauperis* on appeal. For the reasons that follow, petitioner's request for a certificate of appealability and his request to proceed *in forma pauperis* on appeal, Doc. Nos. 16, 17, are **DENIED.**

In this habeas corpus petition, petitioner asserts that the Ohio Department of Rehabilitation and Corrections unconstitutionally terminated his early release via his successful completion of the Intensive Prison Program. On September 26, 2008, the Court dismissed this claim on the merits.

Where the Court dismisses a claim on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 483-44 (2000). To make a substantial showing

of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.* Upon review of the record, the Court concludes that petitioner has failed to meet this standard here. Therefore, petitioner's request for a certificate of appealability is **DENIED**.

The Court must also address petitioner's request to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 also provides:

> A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed-- certifies that the appeal is not taken in good faith[.]

Fed. R. App. P. 24(a)(3)(A). In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999). However,

> "[t]he standard governing the issuance of a certificate of

> appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching,* 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir.2000).

*Penny v. Booker*, 2006 WL 2008523 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith. Therefore, petitioner's request to proceed *in forma pauperis* on appeal is also **DENIED.**

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge